ORDERED.

Dated: April 27, 2017

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                 Case No.: 3: 16-bk-4073-JAF

RAYMOND LEROY KIRK
and FRANCENE RENEE KIRK,                               Chapter 13

      Debtors.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Motion to Dismiss Case with Prejudice (the "Motion") filed by William and Brenda Grafton ("Movants") (Doc. 13). The Court conducted a trial on the Motion on April 4, 2017.[1] Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

Movants hold a mortgage and mortgage note on property at which Debtors reside

---

[1] The Court conducted a preliminary hearing on the Motion on January 4, 2017 and scheduled a trial for February 9, 2017. Upon the parties' agreed motion for a continuance filed on February 7, 2017, the Court continued the trial to March 9, 2017. Upon the Movants' March 8, 2017 motion seeking a continuance due to Mrs. Grafton's health, the trial was continued to April 4, 2017.

(the "Property"). On November 3, 2016, Debtors filed the instant bankruptcy case (the "Instant Case") representing themselves pro se. On page 3 of their bankruptcy petition, Debtors indicated they had not filed for bankruptcy within the last 8 years. (Movants' Ex. 9). On Schedule D of their bankruptcy petition, Debtors indicated the amount of Movants' claim was $39,675.00. On Schedule J of their bankruptcy petition, Debtors did not list an expense for real estate taxes for the Property. In response to Part 4, question 9 of their Statement of Financial Affairs, Debtors indicated they had not been a party to any lawsuit, court action, or administrative proceeding within a year before they filed the Instant Case. (Movants' Ex. 10). In response to Part 4, question 10 of their Statement of Financial Affairs, Debtors indicated that none of their property was foreclosed within a year before they filed the Instant Case. (Id.)

In fact, Debtors had filed a previous bankruptcy case on May 18, 2016, Case No. 3:16-bk-1865-JAF (the "Previous Case"), which was dismissed on August 4, 2016. Moreover, on September 12, 2016, less than two months before Debtors filed the Instant Case, Clay County had initiated a code enforcement action against them alleging the violation of various county ordinances. (Movants' Ex. 8). Specifically, the County alleged the presence of assorted junk, trash, and debris on the Property as well as the presence of non-permitted/non permissible structures on the Property. (Id.) Additionally, on September 22, 2016, Movants had obtained a Final Summary Judgment of Foreclosure against Debtors as to the Property (the "Foreclosure Judgment"), which indicated a balance due of $55,523.36 as of May 19, 2016 and scheduled a sale of the Property for November 7, 2016. (Movants' Ex. 3). As the Court noted, Debtors filed the Instant Case on November 3, 2016, four days before the scheduled foreclosure sale.

Mr. Kirk testified that Debtors used the schedules from the Previous Case in the Instant Case because they were in a rush to file because of the pending foreclosure sale of the Property. Mr. Kirk testified that at the time of the filing of the Previous Case, Debtors were not parties to any lawsuits, court actions, or administrative proceedings. Mr. Kirk testified that the need to file accurate schedules was a "formality."

On December 5, 2016, attorney Jared Loucel filed a notice of appearance in the Instant Case on behalf of Debtors. On that same day, the Court conducted a hearing on Movants' Motion for Relief from Stay at which it indicated it would deny relief from the automatic stay, grant adequate protection, and require Debtors to obtain insurance on the Property within thirty days. On January 4, 2017, the Court entered Order Granting Adequate Protection (the "Adequate Protection Order"). The Adequate Protection Order required Debtors to make monthly payments of $364.39 directly to Movants no later than the 19th day of each month but permitted the December payment to be made no later than January 14, 2017. The Adequate Protection Order also required Debtors to obtain and provide proof of insurance on or before January 5, 2017.

Although the Motion, which was filed on November 10, 2016, detailed the above-described inaccuracies in Debtors' petition, Debtors had not amended their schedules as of the date of the trial. Additionally, Debtors had made no Chapter 13 plan payments to the Trustee, had made no adequate protection payments to Movants, and had not obtained insurance on the Property.

Mr. Kirk offered various explanations for the failures. He testified that Debtors did not amend their schedules while they were pro se because Mrs. Kirk was completing the documentation to file an appeal of the Foreclosure Judgment and could not also

amend Debtors' bankruptcy schedules. Mr. Kirk testified that after Debtors retained Mr. Loucel, amendments to the schedules were drafted. However, prior to the filing of the amendments, Mr. Kirk lost his job and was unemployed for a three week period. Debtors considered dismissing their case based upon their inability to cure the arrearage but opted to continue with the case when Mr. Kirk obtained another job. Mr. Kirk offered no explanation as to why amendments to Debtors' schedules were not filed during the almost two-month period after Mr. Loucel was retained but before Mr. Kirk lost his job or during the month long period after Mr. Kirk started a new job.

As to the payments, Mr. Kirk explained that Debtors had not made adequate protection payments for the months of December, January, February, and March because they were confused as to whether the payments were required to be made to the Trustee or to Movants. However, he also testified that, after discussion with Mr. Loucel, he realized the adequate protection payments were to be made to the Trustee and was prepared to resolve the issue at the January hearing.

As to the insurance, Mr. Kirk explained that he believed he had obtained insurance in early January only to be told later that month that he had not in fact obtained insurance. He explained that Debtors had not obtained insurance on the Property during the following two months because "no one wants to insure [Debtors]" because they are in bankruptcy.

### Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides that a bankruptcy court may dismiss a case for "cause" and provides a non-exhaustive list of causes, including "unreasonable delay by the debtor that is prejudicial to creditors" and "failure to

commence making timely payments[.]"  Initially the Court notes that it was not impressed with Mr. Kirk's testimony and finds him not credible.  The Court finds that Mr. Kirk has a cavalier attitude toward the bankruptcy process.  Additionally, his explanation as to why Debtors have not amended their schedules, have made no plan payments to the Chapter 13 Trustee, have made no adequate protection payments to Movants, and have not obtained insurance on the Property is unavailing.  Despite being on notice since November 10, 2016 that their schedules are riddled with inaccuracies, Debtors have not filed amended schedules and have offered no good reason for their failure to do so.  Debtors' alleged confusion as to whom to make their adequate protection payments does not explain why they made no payments for four months.  If Debtors' Chapter 13 case was of paramount importance to them, they would have determined to whom to make the payments and made them.  The same reasoning applies to the procurement of insurance on the Property.  While it may be difficult for a debtor in bankruptcy to obtain insurance, it is not optional.

      The automatic stay is designed to give debtors a breathing spell from creditors.  In re White, 410 B.R. 322, 325 (Bankr. M.D. Fla. 2009).  Its purpose is not to serve as a stay pending appeal of state court litigation in order to avoid the posting of a bond.  Debtors have enjoyed the protection of the bankruptcy code and the concomitant automatic stay for over five months but have complied with virtually none of its obligations in return.  Meanwhile, Movants, who are individuals rather than an institutional lender, have received no payments and their collateral is uninsured.  This the Court cannot abide.  The Court finds it appropriate to dismiss this case with limited prejudice as to Movants and will enter a separate order consistent with these Finding of Fact and Conclusions of Law.